UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

05-CR-6062L
07-CV-6058L

v.

FREDERICK ROLLE,

Defendant.
_____

Frederick Rolle ("Rolle") filed a *pro se* petition, pursuant to 28 U.S.C. § 2255 (Dkt. # 165) challenging the Judgment and Commitment entered in this court on September 5, 2006. Rolle seeks not to vacate the conviction and proceed to trial, but to vacate the 150 month sentence and replace it with a 60 month sentence. There is no basis in fact or law to grant such relief and, therefore, the petition is in all respects dismissed.

This appears to be nothing more than "buyer's remorse." On May 10, 2006, Rolle pleaded guilty pursuant to a written plea agreement to Count 1 of an indictment charging him with conspiracy to possess with intent to distribute 5 grams or more of cocaine. By statute, and according to the plea agreement, Rolle faced a 10-year minimum sentence with a maximum sentence of life imprisonment. Rolle had previously been convicted of a drug crime for which he received a sentence in New York State Court of 3 years to life.

In the case now before the Court, in consideration of Rolle's guilty plea, the Government agreed *not* to file an Information relative to Rolle's prior conviction, pursuant to 21 U.S.C. § 851. Had such an Information been filed, Rolle would have been subjected to a 20-year mandatory minimum sentence.

The plea agreement provided for an agreed upon sentence of 150 months, pursuant to FED. R. CRIM. P. 11(c)(1)(C). The Court conducted a extensive colloquy with Rolle at the time of the plea and it is clear that he understood all of the terms of the plea agreement and all of his rights. The full transcript of the plea proceeding is annexed to the Government's Response to Rolle's Petition (Dkt. # 170).

At the sentencing proceedings on August 30, 2006, which is also annexed to the Government's Response, Rolle advised the Court that he did not wish to withdraw his plea because he did not want to take a chance of going to trial and face a lengthier sentence. This discussion with Rolle was prompted by his concern that he did not get a better deal from the Government. It is clear then from all the proceedings that Rolle negotiated the plea agreement and agreed to take a sentence of 150 months in lieu of proceeding to trial where the potential penalty could have been a mandatory minimum of 240 months.

At sentencing, the Court accepted the Rule 11(c)(1)(C) agreement and sentenced Rolle principally to 150 months imprisonment. Within days of entry of the Judgment, Rolle appealed the Judgment. Such an appeal, of course, was barred by the terms of the plea agreement. Nevertheless, appointed counsel pursued the appeal, apparently at Rolle's insistence. Appointed counsel did file

a so-called *Anders* brief,[1] advising the Court of Appeals that there were no non-frivolous issues on the appeal.  The Government, thereafter, moved to dismiss the appeal and that relief was granted on March 19, 2007.

The basis for the relief requested by Rolle is the alleged ineffective assistance of trial counsel.  There is no basis for such a claim.  In large part, Rolle contends that he should not have pleaded to the charge because when he was arrested only 4.9 kilograms were found, not 5 kilograms.  He pleaded to a charge involving 5 kilograms or more.  Rolle, however, did not plead to a possession charge but to a conspiracy over a period of time.  Although Rolle was arrested with 4.9 kilograms, he made statements after his arrest that he was involved in other transactions.  The plea agreement specifically mentioned the possession of 4.9 kilograms but also the fact that Rolle in a post-arrest statement admitted that he had delivered cocaine on prior occasions.  The plea agreement also provided that the relevant conduct involved between 5 and 15 kilograms of cocaine.  It is frivolous for Rolle to now contend that he could only have pleaded to a drug quantity that was less than 5 kilograms.

At the time of the plea, Rollle did express some concern about his attorney but, it was clear, after discussion with the Court, that he had hoped his attorney would be able to get a better deal.  Rolle was advised at the time, though, that the Government was unwilling to accept any plea deal less than the one presented in the plea agreement, a Rule 11(c)(1)(C) plea to a 150 months imprisonment.  Defense counsel is not a magician.  He did all that he could.

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

In addition, this petition is procedurally barred by the terms of the plea agreement. That agreement specifically precluded any appeal or collateral attack to the Judgment and the petition is, therefore, dismissed for that reason as well.

In sum, I find that Rolle's plea was knowing and voluntary and there was certainly a factual basis to support the plea. Rolle understood that if the Court accepted the plea the sentence would be to a term of 150 months. At sentencing, Rolle told the Court specifically that he did not wish to withdraw his plea and take a chance at trial. Rolle got what he bargained for and should not be heard now to complain or seek a sentence less than the agreed upon term.

CONCLUSION

The petition of Frederick Rolle pursuant to 28 U.S.C. § 2255 is dismissed. I decline to issue a certificate of appealability because Rolle has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 23, 2007.

.

- 4 -